## THE STATE, DEFENDANT IN ERROR, v. ALEXANDER E. KITTREDGE, PLAINTIFF IN ERROR.

Submitted March 19, 1914—Decided November 7, 1914.

The indictment in this case held insufficient on the authority of *State* v. *Nugent,* 77 *N. J. L.* 157, and *State* v. *Hart,* unreported.

---

On error to the Hudson Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the state, *Robert S. Hudspeth,* prosecutor of the pleas.

For the plaintiff in error, *Julius Lichtenstein, Harlan Besson* and *Mark Townsend, Jr.*

The opinion of the court was delivered by

PARKER, J. The plaintiff in error, indicted with four others for conspiracy to make a false return of the result of a primary election, was convicted after a severance in the Hudson Quarter Sessions. The case is brought here on strict writ of error and bristles with exceptions and assignments of error, but only one point, in our estimation, is necessary for a decision, and that is the point relating to the sufficiency of the indictment, which was raised by a motion to quash before the jury was sworn, and by a request to direct an acquittal at the conclusion of the evidence, and by a motion in arrest of judgment. The case, therefore, is not within the statute, Section 44 of the Criminal Procedure act, and the line of cases

based thereon which hold that unless objection to the indictment is made by demurrer or motion to quash before the jury is sworn, it cannot be availed of in error. *State* v. *Boyd,* 86 *N. J. L.* 75. Nor is it necessary to consider the question several times suggested but never apparently decided, whether strict error can be assigned upon the refusal of a motion to quash alone, in view of the fact that the granting or refusal of such motion is discretionary with the court. *Moschell* v. *State,* 53 *Id.* 498, 500; *Parks* v. *State,* 62 *Id.* 664; *State* v. *Hoffman,* 71 *Id.* 285, 286; for section 44 was satisfied by the making of the motion to quash before the jury was sworn, and the point was again raised twice before the judgment of the court was pronounced.

Taking up, then, the objection to the indictment, it is, in substance, that inasmuch as the indictment failed to state that the political party whose primary was being held had polled at least five per cent. of the vote at the preceding general election, it did not appear that it was a political party recognized as such by the Election law, and that therefore that law was not shown to have been violated. This was the ground on which the indictment was held to be insufficient, in *State* v. *Nugent,* 77 *N. J. L.* 157, upon a motion to quash made in the Supreme Court after removal of the indictment to that court by *certiorari.* That decision is, of course, controlling on us unless it can be distinguished. An attempt is made to distinguish it on the ground that the Primary law then in force was different from the Primary law in force at the time of the alleged conspiracy in the case at bar, in that on the former occasion the primaries were held separately by each party and were unofficial in a sense, whereas, on the later occasion, an official primary was held for all parties that had qualified by casting five per cent. of the total vote at the previous election. In our view, it would seem that the later change emphasizes the importance of an allegation of facts showing that the primary was a primary of a legal political party. Be this as it may, the Supreme Court, in the very recent, but so far unreported, case of State *v.* Hart, has held that an indictment, substantially similar to the present one, was insufficient, rely-

ing solely on the authority of the Nugent case. These two decisions of this court we deem to be indistinguishable and controlling upon us. The objection to the indictment was therefore well founded, was taken in due season and has properly been brought before us.

The judgment of conviction will therefore be reversed.